366

STATE OF CONNECTICUT *v.* LESTER SMITH

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued April 8—decision released June 9, 1981

*Bruce A. Sturman,* assistant public defender, with whom, on the brief, was *Jerrold H. Barnett,* public defender, for the appellant (defendant).

*Linda K. Lager,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Robert J. Devlin, Jr.,* assistant state's attorney, for the appellee (state).

PARSKEY, J. The defendant pleaded guilty to three separate informations, one charging robbery in the second degree in violation of General Statutes § 53a-135 (a) (2), another charging assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and a third charging two counts of assault in the third degree in violation of General Statutes § 53a-61 (a) (1). On February 16, 1979, he was sentenced as follows: Three and one-half to seven years on the robbery count; six months on the single assault, to run concurrently with the robbery sentence; six months and one year respec-

tively on the twin assault counts, the six months to run concurrently with the other terms and the one year to run consecutively with the minimum portion of the robbery sentence. The total effective sentence was calculated by the court as not less than four and one-half years nor more than seven years. No appeal was taken from these judgments.

On July 18, 1979, the defendant filed a motion to correct the sentences imposed on the twin assault charges on the ground that those sentences were not properly calculated in accord with the provisions of General Statutes § 53a-37.[1] The state resisted this motion on the basis that the motion was untimely filed under Practice Book § 935[2] and also on the ground that § 53a-37 allows multiple sentences to be aggregated in the manner which they were in this case. The court agreed with the state on both

[1] "[General Statutes] Sec. 53a-37. MULTIPLE SENTENCES: CONCURRENT OR CONSECUTIVE, MINIMUM TERM. When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

[2] "[Practice Book] Sec. 935. ——CORRECTION OF ILLEGAL SENTENCE

The judicial authority who sentenced the defendant may, within ninety days, correct an illegal sentence or other illegal disposition, or he may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

issues and, accordingly, denied the defendant's motion. This appeal was then taken challenging the court's action in both respects. Our conclusion with respect to the motion's timeliness makes it unnecessary for us to reach the merits of the defendant's claim.

The defendant's motion for correction of sentence was filed beyond the ninety day time limit imposed by Practice Book § 935. Attempting to avoid the consequences of untimeliness, the defendant urges us to disregard this time limit because his claim relates to a sentence which is unauthorized by statute. To support his position, the defendant points to rule 35 of the Federal Rules of Criminal Procedure, which allows illegal sentences to be corrected at any time. This approach ignores the fact that § 935, by its own terms, applies to all illegal sentences. For purposes of § 935, illegal sentences include unauthorized sentences. The federal rule is substantively dissimilar to our state rule. The latter rule plainly applies to the present case. The trial court correctly concluded that the defendant's motion to correct sentence was untimely filed.

At the proceedings below, the defendant maintained that if his motion failed as a motion for correction of sentence, then it was properly before the court as a motion for reduction of a definite sentence under General Statutes § 53a-39 and Practice Book § 934. Viewing the defendant's motion in this manner, the trial court denied the motion. Neither in his appeal, in his preliminary statement of issues nor in his brief has the defendant claimed any error in this aspect of the court's ruling. Accordingly, we do not address this portion of the lower court's ruling.

Although the lapsed time limit of Practice Book § 935 renders the defendant's chosen vehicle for seeking a remedy ineffective, we note that he is not without an avenue for relief. If his position is correct, it can be vindicated in a habeas corpus proceeding.[3] See General Statutes §§ 52-466 through 52-470; *Peyton* v. *Rowe*, 391 U.S. 54, 66–67, 88 S. Ct. 1549, 20 L. Ed. 2d 426 (1968).

There is no error.

In this opinion the other judges concurred.

---

[3] Even if we were inclined to overlook certain matters of form and treat the present case as a habeas corpus action, the defendant's position would remain procedurally defective. General Statutes § 52-466 requires any application for a writ of habeas corpus made by or on behalf of a person confined in the Connecticut Correctional Institution, Somers, as was the defendant here, to be made to the Superior Court for the judicial district of Tolland or Hartford - New Britain. The present motion was filed in the judicial district of New Haven.